FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP - 4 2013

By: JAMES N. HATTEN, Clerk
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

---------------------------------------------------------

HAL S. CRAWFORD )
)
Plaintiff, )
)
v. )
) Civil Action No: 1:13-CV-2459
GLAXOSMITHKLINE LLC )
)
)
Defendant )
)

### PLAINTIFF HAL S. CRAWFORD'S REBUTTAL
### TO DEFENDANT GLAXOSMITHKLINE'S DEFENSES

Plaintiff is alleging that the Defendant, GlaxoSmithKline (GSK), filed erroneous Defenses from a previously filed Avandia case and listed 28 different Defenses unrelated to this case to answer a two paragraph complaint. Plaintiff therefore asks that the Court in reviewing the Complaint and Answers use logic in making a fair determination of the facts.

Plaintiff is compelled to rebut the Defense without complete information or supportive proof of the unrelated answers to Plaintiff's Complaint.  Certain Answers given, along with Defendant's

1

defenses, do not relate to Plaintiff's case since Plaintiff's case centers around a completely different set of circumstances.

1. Defendant would like to have you believe they are familiar with what took place. The drug Avandia was given under the direction of Mary Ellen Sweeney M.D, a licensed physician, in a national research study called the ACCORD study and caused thousands of life threatening incidents because of the drug called Avandia. There appears to be some question if Avandia had FDA approval for this ACCORD research study and by what authority.

2. Certain periodicals have raised the question and the courts have allowed this claim to stand, finding the Defendant guilty of misconduct and levying one of the largest fines against a major pharmaceutical company.

3. The "wherefore" paragraph included in Plaintiff's Complaint outlines damages from the drug manufacturer and the careless and reckless handling of the Avandia drug in an attempt to expedite the drug's approval causing many victims to suffer from heart attacks, strokes, angina, myocardial ischemia

causing other forms of suffering. Plaintiff has been seriously affected by a stroke caused from the taking of Avandia. Plaintiff is now paralyzed for life; he is confined to his home, is totally dependent on others and needs a full time caregiver.

## PRAYER

The Plaintiff also requests a trial by jury that will allow the Plaintiff to prove beyond a shadow of a doubt that the Defendant, through negligence and wrong doing has been responsible for causing thousands to experience much pain, loss of life, loss of consortium and financial loss resulting from GSK's wrong doing and greed in the millions affected by this dangerous drug that has since been taken off the pharmacy shelves once the dangers were discovered. We pray the court will see through this scheme, find for the Plaintiff, and proceed with the case.

## RESPONSE TO DEFENDANT'S FIRST DEFENSE

Plaintiff's original Complaint was filed as a class action suit resulting in an award, including an EIF settlement, that Plaintiff did not accept as settlement. The amount of the award was not enough to allow for treatment and care for his paralyzed condition or for his

wife and caregiver's welfare so Plaintiff withdrew from the class action suit.

### RESPONSE TO DEFENDANT'S SECOND DEFENSE

Plaintiff's claims fall within the Statute of Limitations as this has already been stayed by the court as a result of Defendant's irresponsible conduct.

### RESPONSE TO DEFENDANT'S THIRD DEFENSE

Plaintiff has filed his claim in a timely manner after withdrawing from the class action under the terms of the contract. The Doctrine of Release does not apply.

### RESPONSE TO DEFENDANT'S FOURTH DEFENSE

Plaintiff's physicians are well trained in the field of medicine and are on the Emory University Hospital staff. At this point Plaintiff thinks the ACCORD study using the Avandia drug was not part of the ACCORD study at the start and may not have been part of the study in the beginning when the study began.

### RESPONSE TO DEFENDANT'S FIFTH DEFENSE

Plaintiff was looked upon during the study as one of the research group's best participants following instructions and

received gold stars for excellent performance, always punctual and never missing an appointment during the research study. Plaintiff is still engaged in the ACCORD study and in 2011 was asked to participate in another study called the Tecos Study by the same ACCORD staff.

## RESPONSE TO DEFENDANT'S SIXTH DEFENSE

Plaintiff was resolute in the study and had the Avandia been safe the study would have been successful.

## RESPONSE TO DEFENDANT'S SEVENTH DEFENSE

Plaintiff challenges this Defense. If this be so, why did the courts fine GSK the largest amount ever against a major drug manufacturer and stay the Statute of Limitations enabling thousands of Avandia cases to go forward?

## RESPONSE TO DEFENDANT'S EIGHTH DEFENSE

Plaintiff believes previous evidence and litigation will prove this defense wrong. The dangers of the drug were not mentioned until the study was in its last months. No alarm was ever sounded by the staff.

### RESPONSE TO DEFENDANT'S NINTH DEFENSE

Plaintiff believes when all the facts are known the FDA should outlaw this dangerous drug until proven completely safe by the highest standards possible. The study had ended in 2009.

### RESPONSE TO DEFENDANT'S TENTH DEFENSE

Plaintiff believes this defense has been already ruled out during previous cases as this defeats all evidence in product liability cases.

### RESPONSE TO DEFENDANT'S ELEVENTH DEFENSE

Plaintiff does not see the significance of this defense. Constitutional law is designed to protect those looking to our courts for equal protection under the law. I can't believe our constitution would allow a foreign corporation to take advantage of its U. S. citizens under the circumstances.

### RESPONSE TO DEFENDANT'S TWELTH DEFENSE

Plaintiff had no knowledge of the drugs used prior to joining the study and signed a contract with witnesses after he deliberately questioned the risk. The emphasis was placed on the test drug (which was not Avandia) and/or a placebo. At that time Plaintiff was

told the study was safe but if thousands of other participants had not experienced all of the same problems then it would be different.

### RESPONSE TO DEFENDANT'S THIRTEENTH DEFENSE

Plaintiff does not believe GSK properly warned those taking the drugs of the dangers. The facts and the numbers will not support this Defense. And this Defense does not relate to our Complaint.

### RESPONSE TO DEFENDANT'S FOURTEENTH DEFENSE

Plaintiff has only stated the facts and questions your sources. This Defense does not apply to the study.

### RESPONSE TO DEFENDANT'S FIFTEENTH DEFENSE

Plaintiff takes exception and does not understand. This is a weak argument for the Defense at best. The use of GSK's product was the cause of the stroke.

### RESPONSE TO DEFENDANT'S SIXTEENTH DEFENSE

Plaintiff does not agree with this statement and neither does the FDA. This drug was listed as dangerous before the drug was black listed and removed from shelves. The black box warning was never listed on the Avandia drug I was prescribed in the ACCORD study.

### RESPONSE TO DEFENDANT'S SEVENTEENTH DEFENSE

Plaintiff has no reply.  The courts have ruled against GSK.

### RESPONSE TO DEFENDANT'S EIGHTEENTH DEFENSE

Again, this Defense does not apply to this Complaint.  After assessing Defendant's main concerns about the case, their main defenses are in the Plaintiff's favor.

1. The Plaintiff's Complaint never actually mentions the words punitive or exemplary.  This is open for the court to decide and to grant whatever damages they need to assess against the Defendant after the case is heard in order to control this abusive conduct from happening again.

2. Plaintiff believes that GSK, through their irresponsible practices, have ruined thousands of lives, not to mention the pain and suffering they have had to endure.  This case must be heard.

3. Plaintiff is not a wealthy man and since his stroke it has been a financial struggle.  Plaintiff is paralyzed on his left side, unable to walk or use his left arm and hand and unable to afford the

necessary therapy and treatments that might have given the Plaintiff some relief within the window period. Now he has been diagnosed as being permanently disabled. He has lost most of life's pleasures by being unable to be mobile, confined to a wheelchair 14 – 16 hours a day, taking away the pleasures of not only his life but also the lives of his wife and family.

4. The Defendant's Eighteenth Affirmative Defense has no basis in this case.

### RESPONSE TO DEFENDANT'S NINETEENTH DEFENSE

Plaintiff does request punitive and exemplary damages. The cases used as a point of law appear to be cases involving large companies and Plaintiff hopes a jury would not be influenced.

### RESPONSE TO DEFENDANT'S TWENTIETH DEFENSE

Plaintiff's claims should be upheld. While GSK continues to use the FDA in their defense I believe it is quite the contrary. They also have the responsibility to uphold and police prescription drugs for our health and safety.

## RESPONSE TO DEFENDANT'S TWENTY FIRST DEFENSE:

This claim was not mentioned in Plaintiff's complaint. Many of the erroneous defenses are based on alleged misrepresentations without truth or merit. Plaintiff therefore asks the court when reviewing both the Complaint and the Defendant's Answer to make them accountable for accurate answers. These Defenses are the result of a previous Avandia filing that was probably used when they received a favorable result but does not address its Defenses to our filed Complaint.

## RESPONSE TO DEFENDANT'S TWENTY SECOND DEFENSE

The Plaintiff agrees he was not in perfect health but had been under his primary doctor's care at the Atlanta V. A. Hospital and his records will reflect he had no major complications that could cause a stroke. He has been active in work and play with no family history of strokes. All vital signs were within normal limits.

## RESPONSE TO DEFENDANT'S TWENTY THIRD DEFENSE

OCGA 51-12-33 does not bar Plaintiff's claims in whole or in part. Plaintiff believes that the taking of GSK's Avandia was the sole cause of his suffering a debilitating stroke.

### RESPONSE TO DEFENDANT'S TWENTY FOURTH DEFENSE

Plaintiff has refused the class action offer. Any other judgment will be a separate judgment and not part of this claim. There are two separate claims: (1) Plaintiff's wife and her separate complaint and (2) One involving the contract with Emory at the time Plaintiff had the stroke. It is not related to the GSK Complaint.

### RESPONSE TO DEFENDANT'S TWENTY FIFTH DEFENSE

Plaintiff filed his complaint in the Georgia court and the defendant asked that the case be moved to the North Georgia District Court. Georgia law should control this action and we hereby request a jury trial

### RESPONSE TO DEFENDANT'S TWENTY SIXTH DEFENSE

The Plaintiff has a history of good health. Over the past 12 years doctors at the V. A. Hospital are amazed at his good health. Defendant's twenty sixth defenses is not an issue. Plaintiff is a clean liver, does not smoke, take drugs or drink alcohol. He has owned and been very active in the operation of his lighting business for the past 28 years with no loss of time for sickness.

## RESPONSE TO DEFENDANT'S TWENTY SEVENTH DEFENSE

This Defense does not apply to our Complaint. There have been no allegations of fraud by Complainant. Could this have been a response applied to their previous defense?

## RESPONSE TO DEFENDANT'S TWENTY EIGHTH DEFENSE

Under the federal jurisdiction of the governing courts the Plaintiff, Hal S. Crawford pro se, requests this court to find for the Plaintiff as there are still issues of record to be heard.

The Defendant has taken information allegedly from an outside previously filed complaint not pertaining to Plaintiff's Complaint in a deliberate attempt to integrate and distort the true facts of the case. GSK's attorney said they had a previous case they could file an Answer to if Plaintiff didn't agree to the request for a time extension. However, the same Defenses in that case don't fit Plaintiff's Complaint. The 28 Defenses are nothing more than a mock setup misleading the court. By creating this mock situation they hope to have this case dismissed before the case is heard by a judge and jury.

On page 2 under the Prayer heading, paragraph one tries to mislead the court in describing how they arrived in filing their misleading 28 paragraph Affirmative Defense to the injured Plaintiff's brief two-paragraph Complaint. Plaintiff believes King & Spalding should reference the court case number and outcome of the previous case they used to answer Plaintiff's Complaint.

Plaintiff hereby reserves the right to amend this rebuttal on the receipt of any other information that would support his case.

Plaintiff's complaint is based on but not limited to the state of Georgia's privacy laws. The firm of King & Spalding and its associates will be held liable for any violation involving his name and reputation not involved in this ongoing complaint.

WHEREFORE, Plaintiff is a family man with three married sons and 6 grandchildren. As a result of his stroke, their lives are not the same, physically, financially or socially. Plaintiff therefore asks that his case go to trial in a court of law.

See attached affidavit.

DATED:    Marietta, Georgia  
                August 31, 2013

**HAL S. CRAWFORD, PRO SE**

*/s/ Hal S. Crawford*

5300 River Mill Cir., NE  
Marietta, GA 30068  
770-642-7218  
jeanandhal@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| HAL S. CRAWFORD )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>GLAXOSMITHKLINE LLC )<br>)<br>Defendant ) | Civil Action<br>File no. 1:13-CV-2459 |

AFFIDAVIT

Hal S. Crawford, Plaintiff in the above styled case, on or about July 25, 2013 had a telephone conversation with Frank T. Bayuk, attorney with King and Spalding representing GlaxoSmithKline, LLC who said that unless we agreed to an extension for them to answer my Complaint they would use a previously filed answer in the essence of time or for other time constraints. Upon reading the Defendant's filed Answer and Affirmative Defenses, Plaintiff could readily notice their answers were not for the same case as noted in Plaintiff's Complaint.

1

Their Defenses cannot be applied to Plaintiff's Complaint or the events involved in the use and taking of the Avandia drug while engaged in the ACCORD study at the Atlanta V. A. Hospital in conjunction with the Emory University Hospital who sponsored the study.

My wife of 53 years has filed a separate cause of action. The two cases are not similar but the Defense filed the same Answers to which she must respond by voicing her same opposition to the same wrong-doing and malicious conduct from a previously filed Avandia case. The Defendant filed their answers in a deliberate attempt to confuse and deceive the court and the Plaintiff.

We therefore ask the court to deny the Defendant's request for dismissal and let the Plaintiffs' cases go forward for clarification.

DATED:  Marietta, Georgia                HAL S. CRAWFORD, PRO SE
           August 31, 2013

*Hal S. Crawford*
5300 River Mill Cir., NE
Marietta, GA 30068
770-642-7218
jeanandhal@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing REBUTTAL TO DEFENDANT GLAXOSMITHKLINE DEFENSES, Civil Action Number 1:13-CV-2459, upon all parties and counsel of record by placing a copy of the same in an envelope with sufficient first-class postage affixed thereto to ensure timely delivery and deposited the same in the United States Mail addressed as follows:

Halli D. Cohn
Frank T. Bayuk
KING & SPALDING LLP
1180 Peachtree Street, N. E.
Atlanta, GA 30309-3521

Christopher W. Wasson
Stephen E. Luttrell
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103

This 31st day of August, 2013.

Hal S. Crawford, Plaintiff Pro Se